UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES     DIVISION

| | |
|---|---|
| RANDALL K. ROMERO | CIVIL ACTION 07-0234 |
| VERSUS | U.S. DISTRICT JUDGE JAMES T. TRIMBLE JR. |
| MICHAEL J. ASTRUE, Commissioner | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION ON ATTORNEY FEES

In this case, plaintiff asks the court for an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. 2412(d), hereinafter "EAJA" [**Doc. # 34**]. The government's position in this case was not substantially justified.

The EAJA provides in relevant part that the amount of fees awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." §2412(d)(A)(ii).

The $125.00 rate can certainly be exceeded if the court determines that a higher fee is justified by inflation. However, "a district court, in its discretion, may determine that a fee below the established ceiling is a reasonable attorney's fee award based on the facts of a particular case." Hall v. Shalala, 50 F.3d 367, 370 (5th Cir. 1995). In other words, the court is not required to use the maximum inflation adjusted rate or even to award the statutory rate. The rate to be applied is to be based upon prevailing market rates subject to a statutory cap; the cap is not the baseline.

I find that, in this case in the relevant legal community, a fee of $150.00 per hour is a reasonable attorney fee and serves the goals of the EAJA by helping to ensure an adequate source of representation in social security appeals and minimizing the cost of that representation to the taxpayers. The award also serves to maintain consistency among the judges in this district. See Magistrate Judge Hayes' excellent analysis in Williams v. Astrue, docket number 07-2124 on the docket of the Monroe Division of this court. This District has adopted $150 as presumptively reasonable in cases under the Act.

Claimant's attorney has requested payment for a total of 64 3/4 hours legal work totaling $12,650. Such an award would be twice or more what this court is usually asked to award and which it does award. Therefore claimant's hours, which appear to be excessive, will be reduced. The court is not suggesting that the hours were not honestly spent, but only that, considering the need to ensure representation for those who need it and the public's interest in minimizing the cost to taxpayers, a reduced fee is appropriate. See Hall v. Chater, 50 F.3d 367, 369 (5th Cir. 1995); Baker v. Bowen, 839 F.2d 1075, 1084 (5th Cir. 1988).

All of the time billed in 2007 should be compensated at the rate of $125, which was the rate imposed by this court during that period of time. In 2007, a total of 9 3/4 hours were billed. This results in a fee of $1218.75. Of the remaining 55 hours, 10 ½ were for the purpose of preparing the claimant's briefs, totaling 24 ½ pages. Legal research totaled 14 ½ hours. Objections to my Report and Recommendation was 8 1/4 hours.

I find that the total time in 2008 and 2009 should be reduced by 40%, or a total of 22 hours. Therefore, 33 hours (of the 55) should be paid at the rate of $150 for a total of $4,950. Added to that sum is the fee, discussed above, for 2007 of $1,218.75. In addition, costs are due in the amount of $366.53.

The total attorney fees which were reasonably and necessarily incurred is $6,168.75. This figure is substantially more than that usually approved by this court, but can be explained by the unusual procedural history of this case in which briefs were required to be filed twice.

## Conclusion

For the foregoing reasons, IT IS RECOMMENDED that attorney's fees in the amount of $6,168.75 and costs in the amount of $366.53 for a total of $6,535.28 be awarded and ordered paid.

## **OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have (14) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within (14) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN (14) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 8th day of January 2010.

                                                JAMES D. KIRK
                                                UNITED STATES MAGISTRATE JUDGE