RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 10 / 14 / 11
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

RANDALL K. ROMERO

VERSUS

MICHAEL J. ASTRUE,
COMMISSIONER

CIVIL ACTION NO. 07-0234

JUDGE JAMES T. TRIMBLE, JR.
MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

On September 28, 2009, counsel for Randall K. Romero (Romero) filed a petition for attorney's fees and expenses under the Equal Access to Justice Act, 28 U.S.C. §2412. On January 1, 2010, the undersigned issued a report and recommendation recommending counsel be awarded attorney's fees and costs pursuant to §2412(d). Counsel for Romero filed an objection thereto on January 25, 2010, arguing a fee award at a rate of $200 an hour should have been made pursuant to §2412(b) as the Commissioner acted in bad faith. On January 26, 2010, the district judge adopted the report and recommendation and ordered an award of attorney's fees and costs in the amount of $6,535.28 pursuant to §2412(d).

On March 29, 2010, counsel for Romero filed a notice of appeal arguing the undersigned and district judge failed to address his argument that he should be awarded fees at a higher hourly rate because the Commissioner acted in bad faith. The Fifth Circuit Court of Appeals issued its ruling on April 19, 2011 vacating this court's judgment and remanding the matter for consideration of the bad faith argument. Thus, counsel's claim for attorney's fees is

currently before the undersigned for report and recommendation.

## Law and Analysis

Counsel seeks attorneys fees pursuant to 28 U.S.C. §2412(b), which provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

"Courts interpret the phrase 'to the extent that any other party would be liable under the common law' in this section to provide the common benefit and bad-faith exceptions." Baker v. Bowen, 839 F.2d 1075, 1080, n.3 (5th Cir. 1988). An award of attorneys fees under §2412(b) is not mandatory and "most courts have applied the 'bad faith' exception very narrowly." Id. at 1080, citing Action on Smoking and Health v. CAB, 724 F.2d 211, 217 (D.C. Cir. 1984).

Counsel cites Baker v. Bowen in support of his argument for an increased fee award. In Baker, the recording of the hearing before the ALJ was lost prior to the case being presented to the Appeals Council. Thus, when the Appeals Council affirmed the ALJ's ruling, it did so without having all of the evidence before it which was in violation of its duties under 42 U.S.C. §405(b). This coupled with the fact the Appeal Council "deliberately concealed" the fact the

tape was missing resulted in an award of fees pursuant to §2412(b). Baker at 1081.

Unlike Baker, there are no allegations nor evidence which suggests the Commissioner deliberately concealed the fact the transcript of the supplemental hearing was missing. Counsel simply relies upon the government's lack of demonstrating substantial justification and counsel's statement that "the Commissioner's action in this case, beginning with the filing of his answer and the transcript on November 19, 2007, amounted to bad faith." (Doc. 34, p.11). Such acts alleged include: (1) certification of the incomplete transcript on November 8, 2007, (2) filing of the incomplete certified copy on November 19, 2007, (3) reliance upon the incomplete certified record in filing its brief and response, (4) tacit acceptance of the sentence six remand by the court (Doc. 22)[1] and (5) the filing of its answer on December 5, 2008 after the initial answer was stricken.

---

[1] The sentence six remand was neither improper nor was the Commissioner's reliance thereon. Upon considering the Commissioner's suggestion that another supplemental hearing be held, the court issued an order remanding the matter under sentence six. Such a remand was proper because the record was incomplete. Without a complete record, the court could not properly enter a judgment for either party under sentence four. Furthermore, by remanding under sentence six, the court was allowed to retain jurisdiction and ensure the supplemental hearing was held in a timely manner. A remand under sentence four would have divested jurisdiction and Mr. Romero might have been left to wait even longer for a supplemental hearing, much less a ruling. The Commissioner had no choice but to comply with the court's order.

Bad faith is a higher standard than substantial justification. Perales v. Casillas, 950 F.2d 1066, 1072 (5th Cir. 1992). The government must act in "bad faith, vexatiously, wantonly or for oppressive reasons" to result in an award of fees at market rate. Baker at 1081. (Internal citations omitted). There is no indication from the argument asserted by counsel or from the record itself that the Commissioner acted deliberately to either conceal the supplemental hearing transcript, conceal the fact it was missing or prevent Romero from obtaining benefits. There is also no evidence that any of the alleged acts were taken for the purpose of harassing Romero or his attorney or otherwise obstructing justice.

While there is certainly no doubt that the Commissioner was extremely careless and/or neglectful in assembling the record, there is also no doubt that the Commissioner made a concerted effort to correct the errors within a reasonable period of time. When the record was first filed, the Commissioner notified the court that the matter needed to be remanded as Romero's claim file was misplaced/lost. Though the absence of the transcript of the supplemental hearing was not noticed by the Commissioner, when it was raised by the court, the Commissioner suggested holding another supplemental hearing and moved quickly to schedule that hearing and have the recording transcribed.

Though unfortunate for Mr. Romero who was the real victim as

he was without benefits during the pendency of the matter, the Commissioner's actions do not amount to bad faith. As such, an award of attorney's fees under §2412(b) is improper.

Accordingly, IT IS RECOMMENDED that the petition for market rate attorney's fees under 28 U.S.C. §2412(b) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Thus done and signed at Alexandria, Louisiana this 14th day of October, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE